Judge Cabell.
Concurring entirely in the opinion just delivered, I have nothing to add but an explicit declaration, that I do not conceive it to be in opposition to the former decisions of t|ds Court. This is not like the case of Chichester v. Vass, where a fact, essential to the plaintiff’s right of action, was totally omitted. In this case, I think, all necessary facts are set forth; and, *268 although some of them are so defectively stated that tiic declaration would have been bad on demurrer, yet, after ver(j5ctj that defective statement, (especially when aided by the admission in the plea,*) is, in my opinion, cured by the common law rule, engrafted into our statute of jeofails, that no judgment shall be stayed, or reversed, “ for omitting the averment of any matter; without proving which, the jury ought not to have given such verdict,”
Judge Roane. This is an action of covenant, brought by the appellant against the appellee, as executor of Thacher Washington, deceased. The declaration states, that a covenant was made between the appellant and the said testator, whereby, in consideration of certain specified services to be rendered by the former for the latter, in the year 1795, in the character of an overseer, it was, among other things, covenanted and agreed, on the pari of the said Washington, to put twenty-six working hands tinder him, to give him a certain specified allowance of provisions for tfye support of his family, “ and to pay him, at the close of the year, one twelfth part of the grain made on the plantation, after deducting the seed wheats oats excepted.”
The declaration states a further covenant, on the part of the said Washington, in the case of his failing to comply with hi? agreement to the appellant; that is, (as I understand it,) in the event of his not allowing the appellant to become his overseer.
The declaration then avers, that the plaintiff had well and truly performed all the covenants on his part to be performed, and charges a breach in this, “ that the said Washington did not, at the close of the year aforesaid, pay to the appellant one twelfth part of the grain made on the plantation, or any part thereof, as, according to the form and effect of the covenant aforesaid, he ought to have done.” On oyer, the agreement was set" out: it became thereby a part of the declaration 5 and, while it precisely *269 corresponds with the statement in the declaration, as to the part of the grain, (the seed wheat and oats excepted,) to which the appellant should become entitled, it contains, also, still other covenants on the part of the said Washington ; such as, to give him one third of the fowls raised by him, and the privilege of keeping three of his own negroes on the plantation.
To the declaration, thus amplified by the agreement as set out on oyer, and which shows, (as, indeed, the original declaration itself does,) that there were other covenants to be performed on the part of the said Wash ■ington, over and above that stated in the breach aforesaid to have been violated, the defendant pleaded, that his testator had performed all the conditions expressed in the covenant in the declaration mentioned. To this plea the appellant replied generally; and, thereupon, issue was joined. The jury find, in general terms, “for the plaintiff,” and assess his damages to 285 dollars 25 cents.
Admitting, from the breach assigned in this cause, that the plaintiff went for damages, on the ground only of that covenant being broken, which stipulated for one twelfth part of the grain made on the plantation, and not on that of the breach of any other of the covenants j the first question is, whether there is not a material defect ha the declaration, in not averring that any grain, other than oats, was made thereupon, in the year in question; und more than was necessary for seed; and what was the quantity and quality thereof. These are facts resting within the knowledge of the plaintiff, and which, therefore, while they are material to the defence of the appellee, there is no hardship on the plaintiff in requiring him to discover. This (it appears to me; forms the very gist of the action. The covenant in itself gave no cause of action, but only laid the foundation of one, which, in the event of grain being made and withheld from the plaintiff, gave him a right to recover. In this respect, this case is precisely similar to that of Chichester v. Fass, in which it was adjudged, that the gist of the action was the *270 g^ing to his other daughters more than the testator gave to the wife of the plaintiff: the promise to do that was not, alone, held to be that gist. It was also held, in that case, to be absolutely necessary that that fact should be averred in the declaration; our act of j ofails not extending to cure the defect of the averment of the^wi of the action. There is no difference between that case and the case before us. In that the plaintiff omitted to aver that the defendant had given to other daughters what he did not give to the wife of the plaintiff: in this there is no averment that any grain was made; without which, on this ground of complaint, the appellant was not entitled to recover.
I understand that it is not denied by the other judges, but that the averment of this fact is wanting in the case before us : but they consider the defect as cured by the breach, the pleadings, or the verdict. I will briefly examine the effect of each of these, in its order: And, first, of the breach.
This term, “ averment,” as applied to a declaration, is a technical term. It means a direct and positive allegation of a fact, made in a manner capable of being traversed. It excludes the idea of an affirmation to be made out by inference and induction only. When the parties go to issue, as to a point of fact, before a jury, and especially, one which makes the very gist of the action, it is necessary that there should be a positive affirmation on one hand, and negation on the other. Nothing less than this will suffice, under the decisions of this Court, as applied to the gist of the action. Among others, the cases of Winston’s executor v. Francisco (a) and Chichester v. Pass, are decisive to this effect. In neither of these cases was the averment, deducible from the breach, held to supply the defect of a positive averment of the cause of action. In the last case, it is true, the breach was merely general; but as there was only one ground of action set out, the allegation, that that had not been complied with, is the same thing as if that ground had been sped *271 Jically stated to have been broken. That case is, in that view, a full authority in the case before us. All the judges concurred, in t: at case, that the breach did not supply die de1 ct of the averment of the cause of action. ■ -1f.il if i. breach should be held to have such eff;ct, it sh- "id ’■ a breach within the covenant; for, where the c< under the breach as assigned, may not have bt. - 'fen. the declaration is clearly defective. It is do- :i -e if the cause of action has been previously avt -'d in a proper manner ; and, a fortiori, where there-is a detect of that averment. As to this point, I refer to 1 Esp. 363., and the cases there cited. To apply this position to the case before us, it will be seen that the complaint made by the breach, is, that the testator did not give the appellant one twelfth part of the grain made on the plantation; whereas, by the covenant, as stated in the declaration, he was only bound to give one twelfth part, after the seed wheat and oats were deducted. According to the breach, the appellee is subjected to the' action, although he may have only made oats, (which is a species of grain,) or less wheat than was necessary for seed; whereas, under the covenant, as declared on, he may have refused to comply with the requisitions in the breach, and yet not have broken his covenant. He has not broken it, if he did not refuse to give him a twelfth part of what remained after the seed wheat and oats were deducted. So this word, “made” contained in the breach, (admitting that it amounted to an averment,) may be satisfied by any quantity, however small; it may be satisfied by a quantity less than the seed of the wheat; or by the oats; neither of which are demandable: the breach, therefore, does not necessarily import a case, in which the covenant declared on has been broken. That covenant has not been broken, although some grain was made ; unless more than the seed wheat and oats was m de, and the twelfth of the surplus was refused to be given to the appellant.
*272 If, therefore, a breach should be held, in general, to supply a defective averment of the cause of action, it is not such a breach as would be inadequate to warrant a recovery, if that averment had in fact been made. It is not such a breach as, if true, does not necessarily show a cause of action. That is precisely the character of the breach before us.
As for the pleadings in this case; no,ne of the authors-* ties show that a plea, like the one before us, is competent to cure the omission of that which is the very gist of the action. If there be such cases, however, in the old books, they are in conflict with the decisions of this Court. To -omit others, I will refer to the case of Faulcon v. Harris, 2 H. & M. 550. That was an action of debt on a bond given in 1782, in the( penalty of 50,0001. (paper money,) conditioned for the payment of 1000/. specie, or such farther sum as should be equal to the said 1000/ in 1774: that is to say, to purchase as much land and negroes as that sum might have purchased at that time, to be settled by agreement of the parties, or their referees, in default of such agreement. The breach as-< signed was, that the defendant had not paid the said 1000/. specie, or such further sum as was equal thereto, in 1774 ; but there was no averment in the declaration of the amount of any further sum- to which the plaintiff was entitled, as arising either from the agreement of the parties, or as ascertained by their referees. Pleas, “conditions performed,” and “the statute of usury.” Verdict and judgment for the plaintiff. On appeal to this Court, it was decided, that, notwithstanding the breach, and plea of covenants performed, as aforesaid, the plaintiff was confined in his recovery to the 1000/, and could not go for an ulterior sum, for want of an averment in the declaration as to the amount of such sum, to which he was, in event, to be entitled. If neither the breach, nor the plea of “ covenants performed,” could, in that case, enlarge the ground of the plaintiff’s action beyond the averment in the declaration; *273 ;,aesi'tu;r can they create that ground altogether, in fte case before us. In principle, that case is a direct authority as to the present; it applies as well to the «reach as to the plea of “ conditions performed,” and shows that neither of them is competent to supply the want of an averment of the cause of action.
In that case it was also decided, that it was erroneous, m that declaration, to allow evidence to be exhibited tending to show the amount of such ulterior sum. It is, therefore, a direct authority, in the third place, as to the effect of the verdict in.the case before us. A verdict operates, under the act of jeofails, only where the case is defectively stated in the declaration; and not where no case or title is made. It cures on the ground that proof is presumed to have been given at the trial* without which the jury could not have found the verdict in question ; but it does not cure in cases in which no such presumption can be made. The Court presumes proof to have been given as to facts imperfectly laid, but not as to facts not laid: it only presumes such proof to have been given as is called for by the averments in the declaration. This doctrine is explicitly stated by all the judges, in the case of Chichester v. Vass; and was admitted by the Court, in rejecting, as improper, the testimony as to the ulterior amount, in the case of Faulcon v. Harris. The Court, in the case of a general verdict, will not presume proof to have been given, which, so far from being called for by the declaration, ought to have been rejected, if ofiered: it will not, on such a ground, extend? the power of the verdict.
This doctrine applying, emphatically, to all cases in which an averment of the cause of action is omitted, (and as to which no proof can therefore be presumed to have been given, on that point, to the jury,) applies in an especial manner to the case before us. In this case, the appellee, not content to meet the appellant on the ground of the particular condition, the breach of which is supposed to be the ground of the present action., avers. *274 in his plea, that his testator performed all the conditions in the covenant in the declaration expressed. To this appellant replied generally; and issue was taken thereupon. On that issue, the verdict of the jury will jf5 as t0 any 0f tije conditions in the covenant, the plea of the appellee has been falsified. St would be as well justified if it were proved to the jury that the intestate failed in any of the Other conditions contained in the covenant, as in that respecting the non-delivery of the grain. In addition, therefore, to the general doctrine, negativing the presumption of proof as to a point not stated in the declaration, the appellant has further estopped himself, in this instance, by meeting the appellee on the extended ground taken by his plea, and which leaves it entirely uncertain whether the verdict was found on proof applying to this, or another ground of action.
On these grounds, I am of opinion that the declaration ip question is radically defective; that it is not helped by the breach, pleadings, or verdict in the case; pnd that the judgment of the Court below, in favour oS the appellee, is correct, and ought to be affirmed. The pther judges, however, are of a different opinion; and qhat judgment must be reversed, and a judgment upa$ ■tbfi verdict entered for. the appellant.

 Note. In tlie argument, Batts obsen ed, that the plea of “ covenants performed,” admitted that a crop was made.

 2 Wash. 187.